IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARY A. MOOMJIAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:15-CV-0952-L |
| § | |
| T.D. AMERITRADE, INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff's Motion to Vacate Arbitration Award (Doc. 10), filed June 8, 2015; and T.D. Ameritrade, Inc.'s Motion to Confirm Arbitration Award (Doc. 11), filed June 8, 2015. After careful consideration of the motions, briefing, record, and applicable law, the court **denies** Plaintiff's Motion to Vacate Arbitration Award and **grants** T.D. Ameritrade, Inc.'s Motion to Confirm Arbitration Award.

**I.      Background**

Plaintiff Cary A. Moomjian ("Plaintiff" or "Moomjian") originally filed this action to vacate an arbitration award entered in favor of Defendant T.D. Ameritrade, Inc. ("Defendant" or "TDA") in the 192nd Judicial District Court of Dallas County, Texas, on March 6, 2015. Defendant removed the action to federal court on the basis of diversity jurisdiction on March 26, 2015. Moomjian contends that the arbitrators exceeded their authority and committed misconduct by refusing to issue an explained decision. He requests that the court vacate the award and mandate that the Financial Industry Regulatory Authority, Inc. ("FINRA") conduct a new arbitration. He also seeks whatever remedies that the court determines are just, proper, and available.

TDA originally filed its Answer to Plaintiff's Motion to Vacate Award and Defendant's Motion to Confirm Arbitration Award on April 2, 2015. It contends that there are no valid grounds to vacate or modify the arbitration award and, therefore, the award should be confirmed. It seeks all costs, attorney's fees and expenses incurred in confirming the award.

On or about January 26, 2014, Plaintiff filed a Statement of Claim with FINRA to commence arbitration proceedings against TDA asserting claims for breach of contract, negligence, breach of fiduciary duty, misrepresentations, unauthorized trading, and failure to follow instructions. Plaintiff alleged that TDA improperly closed out his position in Direxion Shares Trust in violation of his standing instructions given on the option expiration date.

On October 7, 2014, the FINRA Office of Dispute Resolution entered an order on a motion to compel filed by Moomjian on September 17, 2014. The order addressed a number of contentions and provided additional provisions, including the following: "The filing dates for Pre-hearing briefs, witness lists and any other documents to be filed according to the '20 day rule' are extended to October 22, 2014." Pl.'s Ex A 3. On October 22, 2014, the parties filed a joint request for an explained decision pursuant to FINRA Rule 12904(g). The arbitration was held before a panel of three arbitrators in Dallas, Texas, the following week, on October 29 and 30, 2014. On December 11, 2014, the arbitrators issued an award in Defendant's favor, and Plaintiff's claims were denied and dismissed with prejudice. In their award, the arbitrators specifically stated that they considered the pleadings and other materials filed by the parties. The arbitrators denied Defendant's motion for dismissal on the record at the close of Plaintiff's case in chief and Plaintiff's motion to reopen the record to submit costs and expenses incurred.

The arbitrators also denied the parties' joint request for an explained decision as untimely and, therefore, did not issue an explained decision. Plaintiff seeks to vacate the arbitration award

on the basis of the arbitrators' finding that the joint request for an explained decision was untimely and their failure to issue such a decision.

## II.  Legal Standards

### A. The Texas Arbitration Act ("TAA") and Federal Arbitration Act ("FAA") Govern the Dispute

Plaintiff brings this cause of action pursuant to a FINRA arbitration proceeding. He contends that the TAA governs this dispute and that the arbitration award should be vacated pursuant to Sections 171.043-171.047 of the TAA because he was prejudiced by the panel's failure to issue an explained decision. Defendant asserts that the FAA governs the dispute because the arbitration award at issue is a part of a contract involving interstate commerce. Defendant further asserts that even if the TAA could apply to the dispute, the FAA would preempt the state act if there were any conflicting provisions or outcomes.

When an agreement contains a clause that designates Texas law but does not exclude the FAA, the FAA and Texas law, including the TAA, apply concurrently. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 338 n.7 (5th Cir. 2004). The parties' arbitration agreement states that the rules of the forum in which the claim is filed would apply. The contract at issue also involves interstate commerce. The court, therefore, determines that the FAA and TAA both govern whether the arbitration award should be vacated or confirmed. *Id.*; *see also Volt Info. Sci., Inc. v. Stanford Univ.*, 489 U.S. 468, 476 (1989) (concluding that contract incorporating California rules of arbitration was also governed by the FAA because it involved interstate commerce).

### B. Standard for Judicial Review of Arbitration Awards under the FAA and TAA

Under the FAA and TAA, a reviewing court must confirm an arbitration award unless grounds exist to vacate, modify, or correct its terms. 9 U.S.C. § 9; Tex. Civ. Prac. & Rem. Code § 171.087. Judicial review of an arbitration award is "exceedingly deferential." *Petrofac, Inc. v.*

*DynMcDermott Petrol. Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)).  The party seeking to vacate an arbitration award has the burden of proof, and the court must resolve any doubts or uncertainties in favor of upholding the award.  *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 (5th Cir. 2004).  Likewise, questions of contract interpretation must be decided in favor of the arbitration decision.  *Apache Bohai Corp. LDC*, 480 F.3d at 405.  The reviewing court may not substitute its judgment for that of the arbitrator merely because it would have reached a different decision or interpreted a contract differently.  *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598-99 (1960); *City of San Antonio v. McKenzie Constr. Co.*, 150 S.W.2d 989, 996 (Tex. 1941) (same); *Riha v. Smulcer*, 843 S.W.2d 289, 292-94 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("An arbitration award has the same effect as a judgment of a court of last resort, and a trial judge reviewing the award may not substitute his judgment for the arbitrator's merely because the trial court judge would have reached a different decision. Not every error of fact or law warrants setting aside an arbitration award, but only those errors that result in a fraud or some great and manifest wrong and injustice.") (internal citation omitted).  As a result, "vacating an arbitrator's award is rare." *City of Laredo v. Mojica*, 399 S.W.3d 190, 197 (Tex. App.—San Antonio 2012, pet. denied).

Moomjian contends that the arbitrators exceeded their authority and made a gross mistake because they did not issue an explained decision.  Moomjian further contends that the arbitrators failed to follow their own order.  The FAA provides that an arbitration award may be vacated when "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).  Similarly,

**Memorandum Opinion and Order - Page 4**

the TAA allows the court to vacate an arbitration award when the arbitrators "exceeded their powers." Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(A).

In determining whether the arbitrators exceeded their authority as a basis for vacatur under the FAA, the Fifth Circuit applies the essence test. Under the essence test, if the arbitrators' decision draws its essence from the contract at issue, the court must accord strong deference toward and sustain the arbitrators' interpretation of the contract, even if the court disagrees with the arbitrators' interpretation of the underlying contract, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Resolution Performance Prod., LLC v. Paper*, 480 F.3d 760, 765 (5th Cir. 2007) (internal quotation marks omitted); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994). "To draw its essence from the contract, an [arbitrator's] award must have a basis that is at least rationally inferable, if not obviously drawn, from the letter and purpose of the . . . agreement. [T]he award must, in some logical way, be derived from the wording or purpose of the contract." *Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990) (citation omitted). In applying this highly deferential standard, the court "does not review the language used by, or the reasoning of, the arbitrators in determining whether their award draws its essence from the contract" but instead "looks only to the result reached. The single question is whether the award, however arrived at, is rationally inferable from the contract." *Id*. at 1219 n.3. As long as the arbitrators' award draws its essence from the parties' agreement and is not merely "[their] own brand of industrial justice," the award is legitimate. *United Paperworkers Int'l Union v. Misco, Inc*., 484 U.S. 29, 36 (quoting *Steelworkers*, 363 U.S. at 596).

In reviewing a motion to vacate an arbitration award under the TAA, federal case law dealing with similar FAA grounds for vacatur is instructive. *See Las Palmas Med. Ctr. v. Moore*,

349 S.W.3d 57, 69 (Tex. App.—El Paso 2010, pet. denied); *City of Laredo*, 399 S.W.3d at 197. In *City of Laredo*, the El Paso Court of Appeals followed Fifth Circuit authority in applying the "essence" test to determine whether the arbitrators exceeded their authority in interpreting a collective bargaining agreement. *Id.* The court, therefore, applies the essence test to determine whether the arbitrators exceeded their authority in this case.

Once the arbitration award is issued, the court cannot conduct an evidentiary hearing on the merits of the claims advanced by the parties to the arbitration. *Legion Ins. Co. v. Insurance Gen. Agency*, Inc., 822 F.2d 541, 543 (5th Cir. 1987). The court must defer to the reasonable determination of the arbitrators. *Anderman/Smith Operating Co.*, 918 F.2d at 1218. Absent a showing of fraud or bias or prejudice, or reliance upon evidence which is so flimsy that fraud, bias, or prejudice can be inferred, the courts have no power to review the findings of fact of an arbitrator. *International Union of Elec., Radio and Mach. Workers Local 1013 v. Ingram Mfg.*, 715 F.2d 886, 890 (5th Cir.1983). When the parties have chosen arbitrators to be the ultimate factfinder, "[t]he scope of judicial review of an arbitrator[s'] award is extremely narrow: In order to promote the federal policy favoring settling of . . . disputes by arbitration *the factual* and the legal *accuracy* of arbitrators' findings will not be reviewed." *Id.* (quoting *Amalgamated Meat Cutters and Butcher Workmen of N. Am Local 540 v. Neuhoff Bros. Packers, Inc*., 481 F.2d 817, 819 (5th Cir. 1973) (emphasis added by *Ingram Mfg*.); *see also International Union of Elect., Radio & Mach. Workers v. Markle Mfg. Co.*, 582 F.2d 9, 10 (5th Cir. 1978) ("We need not express an opinion on the proper interpretation of the above quoted clause. Interpretation of the collective bargaining agreement, like findings of fact, is a matter within the province of the arbitrator. '[S]o far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because

their interpretation of the contract is different from his.'") (quoting *United Steelworkers*, 363 U.S. at 99).

In *Nafta Traders v. Quinn*, the Texas Supreme Court explained that because a trial court serves an appellate function when it reviews for reversible error on a motion to vacate an arbitration award, it "must have a sufficient record of the arbitral proceedings, and complaints must have been preserved, all as if the award were a court judgment on appeal." 339 S.W.3d 84, 101 (Tex. 2011). Moomjian as the nonprevailing party seeking to vacate an arbitration award bears the burden of coming forward with a complete record that establishes the basis for vacating the award. *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.). When there is no transcript of the arbitration hearing, "the decision under review is presumed correct on matters where the record is silent." *Nafta Traders*, 339 S.W.3d at 102 n.81 (citation omitted); *Statewide Remodeling, Inc.*, 244 S.W.3d at 568. This is because:

> For efficiency's sake, arbitration proceedings are often informal; procedural rules are relaxed, rules of evidence are not followed, and no record is made. These aspects of arbitration, which are key to reducing costs and delay in resolving disputes, must fall casualty to the requirements for full judicial review. The parties can decide for themselves whether the benefits are worth the additional cost and delay, but the only review to which they can agree is the kind of review courts conduct. If error cannot be demonstrated, an award must be presumed correct.

*Nafta Traders*, 339 S.W.3d at 101-02.

The court in *Nafta Traders* further explained that unlike the FAA, the TAA "permits parties to agree to expanded review, or to a corresponding limit on the arbitrator's authority . . . but it does not impose such review on every arbitration agreement." *Id.* at 98. For expanded or limited review, the parties are not required:

> to choose not to be governed by the FAA, since even if it applies . . . it does not preempt the parties' agreement for expanded judicial review. The matter is left to the agreement of the parties. *But absent clear agreement, the default under the TAA, and the only course permitted by the FAA, is restricted judicial review*.

**Memorandum Opinion and Order - Page 7**

*Id*. (emphasis added); *compare Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 522 U.S. 576, 585-90 (2008) (holding that sections 10 and 11 of the FAA provide exclusive grounds for the review under the statute and regardless of the parties' agreement to the contrary, district courts must review an arbitrator's findings of fact and conclusions of law under the highly deferential standard set forth in 9 U.S.C. § 10(a)). Because the parties' arbitration agreement does not provide, expressly or otherwise, for expanded review of the arbitration award or limit the arbitrators' authority in any manner, the court must review Moomjian's motion to vacate the arbitration award under the restricted default standard of review. *Nafta Traders, Inc.*, 339 S.W.3d at 101. With this understanding of the court's limited review, it now considers Moomjian's motion to vacate the arbitration award.

### III.   Plaintiff's Motion to Vacate the Arbitration Award

Moomjian contends that the arbitrators engaged in misconduct or exceeded their authority because they did not issue an explained decision. Plaintiff further contends that the arbitrators did not issue an explained decision "on the erroneous basis that the request for an explained decision was not timely." He asserts that an October 7, 2014 order entered by the panel extending the deadline to file "[p]re-hearing briefs, witness lists and any other documents to be filed according to the '20 day rule'" to October 22, 2014, extended the deadline to file his written request for an explained decision. According to Plaintiff, the parties' request for an explained decision, which was filed on October 22, 2014, was timely because the terms "any other documents" should have included the request for an explained decision. Moomjiam contends that he was prejudiced by the arbitrators' denial of the request for an explained decision because it deprived him of a basis to seek vacatur pursuant to the TAA or FAA.

In response, TDA contends that Plaintiff is seeking a second bite at the apple based on a perceived procedural defect. Defendant asserts that the October 2014 order did not specify that the deadline to request an explained decision was extended; therefore, Plaintiff's interpretation of the order is incorrect. Defendant further asserts that a mutual, definite, and final award was made and that Plaintiff has not demonstrated prejudice.

As previously stated, the court has a limited role in the review of arbitration awards. Plaintiff seeks to have the award vacated on the grounds that the arbitration panel made an erroneous interpretation of its order; however, Plaintiff does not cite to any caselaw, statute, or FINRA rule that states that the panel's interpretation of its order was not within the scope of their authority.

Pursuant to the FINRA arbitrator training module, an explained decision is a concise fact-based award stating the general reasons for the arbitrators' decision. FINRA, *Explained Decisions*, Dispute Resolution Arbitrator Training, 4 (Mar. 2010), *available at* http://www.finra.org/sites/default/files/ArbMed/p121132.pdf. Arbitrators are required to provide an explained decision if a joint request is submitted at least 20 days before the hearing date; however, if the joint request is submitted after the 20-day deadline, the arbitrators may treat the request like a motion and make a ruling on whether to provide an explained decision. *Id.* at 7-8.

Pursuant to the FAA, the court can vacate the arbitrators' decision "only in very unusual circumstances." *Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, ___ F.3d ___ 2016 WL 3648327, *2 (5th Cir. July 7, 2016) (citation omitted). "To constitute misconduct requiring vacation of an award, an error in the arbitrator[s'] determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Id.* (citation omitted). Plaintiff has not shown that he was deprived of a fair hearing

**Memorandum Opinion and Order - Page 9**

by the arbitrators' denial of the parties' joint request for an explained decision. Accordingly, Plaintiff is not entitled to vacatur on the ground of misconduct.

As previously stated, the Fifth Circuit applies the essence test to determine whether the arbitrators have exceeded their authority. If the arbitrators' award draws its essence from the parties' agreement and is not merely "[their] own brand of industrial justice," the award is legitimate. *United Paperworkers Int'l Union*, 484 U.S. at 36 (citation omitted). FINRA Rule 12514, Prehearing Exchange of Documents and Witness Lists, and Explained Decision Requests, or the '20 day rule,' provides as follows:

> **(a) Documents and Other Materials**
> At least 20 days before the first scheduled hearing date, all parties must provide all other parties with copies of all documents and other materials in their possession or control that they intend to use at the hearing that have not already been produced. The parties should not file the documents with the Director or the arbitrators before the hearing.
>
> **(b) Witness Lists**
> At least 20 days before the first scheduled hearing date, all parties must provide each other party with the names and business affiliations of all witnesses they intend to present at the hearing. At the same time, all parties must file their witness lists with the Director, with enough copies for each arbitrator.
>
> **(c) Exclusion of Documents or Witnesses**
> Parties may not present any documents or other materials not produced and or any witnesses not identified in accordance with this rule at the hearing, unless the panel determines that good cause exists for the failure to produce the document or identify the witness. Good cause includes the need to use documents or call witnesses for rebuttal or impeachment purposes based on developments during the hearing. Documents and lists of witnesses in defense of a claim are not considered rebuttal or impeachment information and, therefore, must be exchanged by the parties.
>
> **(d) Explained Decision Request**
> At least 20 days before the first scheduled hearing date, all parties must submit to the panel any joint request for an explained decision under Rule 12904(g).

FINRA Rule 12514, *available at* http://finra.complinet.com/en/display/display_main.html?rbid= 2403&element_id=4168.  Rule 12514 has four subsections that address different types of

documents that should be submitted 20 days prior to a hearing. The arbitrators' October 7, 2014 order stated, "The filing dates for Pre-hearing briefs, witness lists and any other documents to be filed according to the '20 day rule' are extended to October 22, 2014." A reasonable person could conclude that an explained decision was not included in the October 7 order because it was not explicitly therein set forth. Put another way, if the panel intended to extend the deadline for the submission of the explained decision request, it could have explicitly done so. Further, the '20 day rule' specifically provides for documents *and other materials* in subsection (a), witness lists in subsection (b), and explained decision requests in subsection (d). It can be reasonably inferred from the order that the panel only extended the deadline to submit documents pursuant to subsections (a) and (b), as they are explicitly stated in the order, and, therefore, the panel's interpretation of the order can be inferred from the *essence* of Rule 12514.

In *Campbell Harrison & Dagley, L.L.P. v. Hill*, 782 F.3d 240 (5th Cir. 2015), the Fifth Circuit reversed this court for setting aside a panel's award of attorney's fees. This court had held that the attorney's fees contract was unconscionable and violated public policy. The appellate court held that this court erred when it substituted its judgment for that of the arbitration panel because it would have reached a different result. *Id.* at 245. Plaintiff is effectively requesting the court to substitute its judgment for that of the arbitrators when they deemed that the joint motion for an explained decision was untimely. The court cannot do this. The arbitrators deemed the joint request for an explained decision, filed on October 22, 2014, untimely. The court does not know the precise basis for the arbitrators' determination that the request was untimely, and Plaintiff does not provide anything on the record to indicate the basis for the arbitrators' determination. That the court would have made a different determination is not grounds to overturn the arbitrators' decision. As previously stated, the court cannot substitute its own judgment for that of the

**Memorandum Opinion and Order - Page 11**

arbitrators. The arbitrators' decision to deem the request for an explained decision as untimely can be rationally inferred from the panel's order and the construction of the rule. Plaintiff has failed to show otherwise; therefore, the court will uphold the decision. In any event, Plaintiff has failed to show that the arbitrators exceeded their authority or engaged in misconduct. Absent such proof, the court must confirm the arbitration award. 9 U.S.C. § 9. Accordingly, the court will deny Plaintiff's Motion to Vacate Arbitration Award.

## IV.    Defendant's Motion to Confirm the Arbitration Award

TDA contends that the arbitration award should be confirmed because there is no basis to modify, correct or vacate the award, and its motion to confirm was timely filed with the proper attachment pursuant to Section 9 of the FAA. It contends that the October 7, 2014 order did not extend the deadline to file a request for an explained decision. Defendant relies on FINRA Rule 12514 to support its contention. According to Defendant, FINRA Rule 12514 draws a distinction between "documents and other materials" and an "explained decision request" as they addressed in separate subsections of the rule. It further contends that the panel may have intended that its order was only to provide an extension of time for the submission of the items expressly stated, and, therefore, the panel had the authority to deny Plaintiff's request for an explained decision. Defendant asserts that the purpose of arbitration is to avoid addressing such issues after the award.

The court has previously held that a reasonable person could conclude that the arbitrators could deem the request for an explained decision as untimely because the deadline to submit the request was not included in their order. For the aforementioned reasons, Plaintiff has not shown any valid grounds to modify, correct, or vacate the award. Pursuant to Section 9 of the FAA, the court is authorized to confirm an arbitration award, and it must do so unless the award is vacated,

modified, or corrected. 9 U.S.C. § 9. Accordingly, the court will grant TDA's motion to confirm the arbitration award.

## V. Attorney's Fees and Costs

Defendant requests all costs, attorney's fees and expenses incurred in confirming the arbitration award pursuant to the parties' arbitration agreement. Defendant relies on the following provision from the parties' agreement, "If any party unsuccessfully resists confirmation or enforcement of an arbitration award rendered under this Agreement, then that party shall pay all costs, attorneys' fees, and expenses incurred by the other party or parties in confirming or enforcing the award." Def.'s Ex. B ¶ 12.

In response, Plaintiff asserts that Defendant's claim for attorney's fees should be summarily denied because its motion is "BS" and "unnecessary, improper, and entirely superfluous." In using the term "BS," Moomjian contends that he is quoting a character from the movie *My Cousin Vinny*. Plaintiff's characterization of Defendant's motion is not only incorrect, as cross-motions are both common and permissible in federal courts, it is offensive and disrespectful to the court. To use or refer to crass or indecorous language uttered by a character in a movie is simply an excuse for Plaintiff to use inappropriate language to state what he really thinks about the merits of the motion. The undersigned has been a judge of this court for almost 18 years, and no attorney has ever used this type of language in a filing with the court. The court does not know whether the use of the language was a feeble attempt at humor or a statement made out of frustration; however, the use of the term is highly unprofessional and will not be tolerated in this court.

Defendant is entitled to fees under the provisions of the parties' agreement, as Moomjian unsuccessfully attempted to resist confirmation or enforcement of the arbitration award by filing

his motion to vacate. The court, therefore, cannot summarily deny TDA's request without any basis in law or fact. Accordingly, as TDA is the prevailing party, the court determines that it is entitled to all costs, attorney's fees and expenses incurred in confirming the award pursuant to the terms of the parties' agreement. Within 14 days of the entry of court's judgment, TDA shall file a motion for attorney's fees in accordance with Federal Rule of Civil Procedure 54(d)(2). The response and reply shall be filed in accordance with this district's Local Civil Rules.

## VI. Conclusion

For the reasons stated herein, the court **denies** Plaintiff's Motion to Vacate Arbitration Award, **grants** Defendant's Motion to Confirm Arbitration Award, and **dismisses with prejudice** this action. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 16th day of August, 2016.

Sam A. Lindsay
United States District Judge