IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARY A. MOOMJIAN, JR.,         § | |
|     Plaintiff,         § | |
| § | |
| v.         § | Civil Action No. 3:15-CV-0952-L-BK |
| § | |
| TD AMERITRADE INC.,         § | |
|     Defendant.         § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case seeking vacation and enforcement of an arbitrator's award, District Judge Sam A. Lindsay found for Defendant, denying Plaintiff's *Motion to Vacate Arbitration Award* and granting Defendant's *Motion to Confirm Arbitration Award*. Doc. 15 at 13-14. The Court also determined that as the prevailing party, Defendant "is entitled to all costs, attorney's fees and expenses incurred in confirming the award pursuant to the terms of the parties' agreement." Doc. 15 at 15. As directed by the Court, Defendant subsequently filed its *Motion for Attorney's Fees*, Doc. 17, which was referred to the undersigned magistrate judge for a recommendation. After review of the relevant facts and applicable law, it is recommended that the Motion be **GRANTED** to the extent stated herein.

Judge Lindsay's August 16, 2016 *Memorandum Opinion and Order* thoroughly recounts the factual and procedural background of this case, Doc. 15 at 1-3; thus, it need not be repeated here. It suffices to say that Judge Lindsay held that "Defendant is entitled to fees under the provisions of the parties' agreement, as Moomjian unsuccessfully attempted to resist confirmation or enforcement of the arbitration award by filing his motion to vacate." Doc. 15 at 13-14. The Court's holding was based on the Client Agreement between Plaintiff and Defendant, which provides in relevant part: "[i]f any party unsuccessfully resists confirmation or

enforcement of an arbitration award rendered under this Agreement, then that party shall pay all costs, attorneys' fees, and expenses incurred by the other party or parties in confirming or enforcing the award." Doc. 15 at 13 (citing Doc. 17-1 at 8).

By the motion *sub judice*, Defendant requests attorneys' fees of $33,177.50, Doc. 17 at 3. In response, Plaintiff contends that the number of hours billed (147.9 total hours) and the resulting fee amount ($33,177.50) is neither appropriate nor recoverable under the terms of the Client Agreement, Federal Rule of Civil Procedure 54(d), in law, or in equity. Doc. 20 at 1. Specifically, Plaintiff argues that Defendant only attempted to enforce/confirm the award by its Motion to Confirm Arbitration Award. Doc. 20 at 3. Thus, Plaintiff asks that the Court award – at most – 20 percent of the total claimed amount, i.e. $6,635.50. Doc. 20 at 5.

Judge Lindsay already having rejected Plaintiff's arguments that attorneys' fees are not appropriate under the terms of the Client Agreement, the Court declines to reconsider Plaintiff's reiterations of those arguments here. Consequently, the Court turns to determining whether the attorneys' fees sought are reasonable.

### I. APPLICABLE LAW

In the Fifth Circuit, a two-step process is employed to determine the amount of attorney's fees to be awarded. *Rutherford v. Harris Cty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999). The first step is determining the lodestar fee, which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of proof on this issue. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). In the second step, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[1]  *La. Power & Light Co.*, 50 F.3d at 331.  "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted."  *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

## II.  ARGUMENTS AND ANALYSIS

Defendant seeks an award of attorneys' fees for work performed by William Radford, Bradford Burdette, and Thomas Horan (collectively "the Attorneys").[2]

**A. The Lodestar**

### *1. Reasonable hourly rates*

The fee applicant has the burden of showing that its attorneys' hourly rates are reasonable.  *La. Power & Light Co.*, 50 F.3d at 324.  "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally."  *Mauricio v. Phillip Galyen, P.C.*, 174 F.Supp.3d 944, 948 (Lindsay, J.) (citation and internal quotation marks omitted).  "Generally, the reasonable hourly rate for a particular community is established through

---

[1] The 12 factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

[2] Both Attorneys Radford and Burdette are partners; Attorney Horan is an associate.  Doc. 17-4 at 1.

affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

      Here, Defendant seeks hourly rates of $225 for Attorneys Radford and Burdette, both of whom are law firm partners, and $180 for Attorney Horan, an associate.  Doc. 17-4 at 1-2.  In support, Defendant submitted the affidavit of Attorney Radford who avers that based on his 38 years of legal experience and knowledge of the rates charged in cases in the Northern District of Texas, the rates charged are within the range of a reasonable hourly rate for two partners and an associate to defend against a claim involving a challenge to an arbitration award.  Doc. 17-4 at 1-2.  While information regarding the Attorneys' qualifications and experience is light, the Court, applying its expertise, finds the declared rates reasonable.  *See Gromer v. Mack*, No. 3:11-CV-0682-D, 2012 WL 28835, at *2 (N.D. Tex. Jan. 4, 2012) (Fitzwater, J.) (collecting cases noting that courts are considered experts regarding the reasonableness of attorneys' fees).  Moreover, Plaintiff does not contest the reasonableness of the Attorneys' hourly rates.  *See* Doc. 20 at 1; *see also S & H Indus., Inc.*, No. 3-11-CV-2988-M, 2013 WL 6332993, at *3 n.4 ("When the hourly rate is not objected to by the opposing party, some courts have accepted the fee applicant's asserted reasonable hourly rate.") (citing *Baulch v. Jones*, 70 F.3d 813, 818 n.8 (5th Cir. 1995).  Accordingly, the hourly rates for Defendant's counsel are deemed reasonable.

**b. Reasonable number of hours**

      In order to determine the reasonableness of hours expended in a case, "[t]he party seeking attorneys' fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  "[T]he documentation must be sufficient for the court to verify that the applicant has met its burden." *La. Power & Light Co.*, 50 F.3d at 325 (citation omitted).  Contemporaneous billing records are acceptable documentation for determination of

reasonable hours.  *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).  Here, Defendant submitted copies of contemporaneous billing invoices with detailed time entries, covering the period from February 26, 2015 to August 29, 2016.  Doc. 23-1 at 1-28.  Its billing statements reflect 145.4 hours for a total of $32,715, and 2.3 hours for a total of $414.  *See* Doc. 23-1 at 1-28.[3]

The party seeking fees is "charged with the burden of showing the reasonableness of the hours [it] bill[s] and, accordingly, [is] charged with proving that [it] exercised billing judgment." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).  Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours," and the party "submitting fee requests [is] *required* to exercise billing judgment." *Id.* (emphasis added).  "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off." *See Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *vacated on other grounds*, 903 F.2d 352 (5th Cir. 1990).  "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam).

Here, the records do not reflect the exercise of billing judgment, and Attorney Radford does not address it in his affidavit, despite the fact that multiple attorneys worked on the case, thereby heightening the risk of duplicative and/or redundant work.  *See* Doc. 17-4.  A reduction

---

[3] While Attorney Radford avers that Attorney Horan billed 2.5 hours at a rate of $185 per hour for a total of $462.50, the billing records show that Attorney Horan billed only 2.3 hours at a rate of $180 per hour for a total of $414.  The Court, will thus use the billed hourly rate of $180 in calculating fees related to the work performed by Attorney Horan.

of ten percent is therefore appropriate given the facts of this case. *See e.g., Saizan*, 448 F.3d at 800 (affirming a ten percent reduction by the trial court because the plaintiff failed to provide evidence of billing judgment); *Walker*, 99 F.3d at 770 (reduced applicant's requested fees by fifteen percent "to substitute for the exercise of billing judgment" of the plaintiff's attorney). Accordingly, the Court concludes that the lodestar fee is $29,816.10.

### c. Adjustment to lodestar

Next, a court must determine whether the lodestar value should be adjusted based on the twelve *Johnson* factors. *See Johnson*, 488 F.2d at 717-19. If consideration of a factor is reflected in the lodestar, it may not be used to adjust the lodestar amount. *See Jason D.W. ex rel. Douglas W.*, 158 F.3d at 209. While Plaintiff does not ask that the Court completely bar Defendant from recovering attorneys' fees, he does ask that the Defendant be limited to recovering "attorney's fees in the amount of $6,635,50 [sic] (20% of the total claimed amount)." Doc. 20 at 5. Nevertheless, the Court finds that the lodestar figure accurately reflects consideration of the *Johnson* factors and that no downward adjustment is necessary. Defendant should therefore be awarded $29,816.10 as its reasonable attorneys' fees.

### III. CONCLUSION

In light of the foregoing, the Court recommends that Defendant's *Motion for Attorney's Fees*, Doc. 17, be **GRANTED** to the extent stated herein.

**SO RECOMMENDED** on January 9, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE